**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSE STEPHEN KING, | No. 13-16600 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02797-JAM-DAD |
| v. | |
| W. BIGFORD; LESLIE CARTER, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

California state prisoner Jesse Stephen King appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging access-to-courts

and due process violations.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994), and we

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment on King's access-to-courts claim because King failed to raise a genuine dispute of material fact as to whether he suffered an actual injury as a result of the loss of his property. *See Lewis v. Casey*, 518 U.S. 343, 350-53 (1996) (access-to-courts claim requires showing of actual injury to a non-frivolous legal claim).

The district court properly granted summary judgment on King's due process claim based on the unauthorized deprivation of property because King had an adequate post-deprivation remedy under California law. *See Barnett*, 31 F.3d at 816 ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."). To the extent that King's due process claim is based on the authorized deprivation of his property, defendants provided him with the process he was due. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433-34 (1982) (due process must be provided when a state procedure causes the deprivation of a property right).

The district court did not abuse its discretion in denying King leave to amend his complaint. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (reviewing for an abuse of discretion and stating that a district court may deny a motion for leave to amend if permitting the amendment would unduly

delay the litigation or prejudice the opposing party).

We do not consider issues that were not raised in the opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

King's request for oral argument, set forth his October 9, 2014 motion, is denied.

**AFFIRMED.**